IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: MINH VU HOANG AND          :
THANH HOANG
_____  :

GARY A. ROSEN, Trustee
    Appellant                 :

    v.                        :    Civil Action No. DKC 12-0593

GEMINI TITLE & ESCROW, LLC,       :
et al.
    Appellees                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion for rehearing filed by Appellees Gemini Title & Escrow, LLC ("Gemini"), the Law Offices of Craig A. Parker, LLC ("Law Offices"), and Craig A. Parker ("Parker"). (ECF No. 12). The relevant issues have been briefed and no hearing is deemed necessary. *See* Fed.R.Bankr.P. 8012; Local Rule 105.6. For the reasons that follow, the motion will be denied.

## I. Background

Appellant Gary A. Rosen, the chapter 7 trustee for the bankruptcy estate of Minh Vu Hoang ("Debtor"), commenced the adversary proceeding from which this appeal arises on December 18, 2009, related to Appellees' role in ten post-petition real estate transactions while Debtor was serving as debtor-in-possession. The trustee alleged that Gemini "handled the closings" in these transactions and "received the proceeds of

[the] sales, which constituted property of the bankruptcy estate." (ECF No. 1-24 ¶ 4). Rather than "turning [the proceeds] over to the estate, Parker (and his LLC) [as agents for Gemini] distributed them to various third parties on [Debtor's] instructions." (*Id*.). According to the trustee, those funds were thereby "lost to the estate" (*id*.), and he filed suit to recover them.

The adversary complaint alleged twelve counts, including, as relevant here, two claims seeking turnover of estate property, pursuant to 11 U.S.C. § 542(a),[1] and two claims for conversion related to the same property. Although the transactions at issue occurred over four years prior to the time the complaint was filed, the trustee asserted that he "exercised due diligence" in bringing them, adding that,

> due to the complicated and tangled nature of [Debtor's] assets and financial affairs, and [Debtor's] efforts (aided and abetted by [Appellees]) to conceal her assets and hinder creditors, [he] did not discover the facts giving rise to the claims being asserted here until less than three years before the commencement of this adversary proceeding.

(*Id*. at ¶¶ 158-59). Thus, the trustee invoked the so-called "discovery rule," by which a cause of action is not deemed to have accrued until the plaintiff has, or reasonably should have

---

[1] All further reference to bankruptcy provisions will be to section number only; these sections are all found in Title 11 of the United States Code.

had, "possession of the critical facts that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979); *see also Poffenberger v. Risser*, 290 Md. 631, 636 (1981).

Appellees moved to dismiss, arguing, in part, that the trustee's claims were time-barred by the two-year statute of limitations applying to avoidance actions under § 549(d). (ECF No. 1-26, at 11-12). In opposing that motion, the trustee maintained that, because turnover is an equitable remedy, the timeliness of such a claim is governed by the doctrine of laches. In establishing a laches defense, he argued, Appellees had the burden of showing both inexcusable delay and resulting prejudice and "[n]either of those elements exists here." (ECF No. 1-34, at 36). As to the issue of inexcusable delay, the trustee asserted:

> In deciding whether a plaintiff delayed unreasonably or inexcusably, there is a presumption against a finding of such delay if the complaint was filed within the limitations period applicable to the most closely analogous action at law. In this case, the most closely analogous cause[] of action is conversion, which is subject to Maryland's three-year general statute of limitations.

(*Id*. at 36-37 (internal footnotes omitted)). In reply, Appellees argued that the trustee's laches analysis was "wrong," but, "[e]ven assuming that [he was] correct, all of his claims

[were] time barred" because the alleged conduct occurred more than three years prior to the time the adversary complaint was filed and, under Maryland law, "prejudice to defendant need not be shown [to establish laches] if an analogous action at law would be barred by the applicable statute of limitations[.]" (ECF No. 1-40, at 6-7 (quoting *Finch v. Hughes Aircraft Co.*, 57 Md.App. 190, 243 (1984)).

A hearing on Appellees' motion to dismiss was held before United States Bankruptcy Judge Thomas J. Catliota on June 9, 2010. In addressing Appellees' argument as to the timeliness of the turnover claims, the court ruled:

> I am going to grant the motion to dismiss on statute of limitations without prejudice to the [trustee's] right to amend [the] complaint, to assert further facts upon which a determination could be made that the discovery rule applies here to allow the complaint to survive.
>
> In particular, factors along the lines of the reason for the invocation of the discovery rule, the cause of the aggrieved parties obtaining knowledge of the wrong at a time later than its initial perpetration.
>
> Those factors [were] given in the, for example, Shah v. Health Plus, 696 A.2d 473, Md. App. 1997[,] and the other cases cited by the [Appellees].[2]

---

[2] In *Shah v. HealthPlus, Inc.*, 116 Md.App. 327, 338 (1997), the Court of Special Appeals of Maryland held, in relevant part, that "the bill of complaint must [] state with specificity . . . the reasons for invocation of the discovery rule, *i.e.*, the cause of the aggrieved party's obtaining knowledge of the wrong

> So, [the dismissal] is without prejudice to the [trustee's] right to amend the complaint and come forward with factors and allegations for which the discovery rule would apply.

(ECF No. 1-41, at 7-8). Counsel for the trustee advised that, in an amended complaint, he "would like to also add alleged facts that would go to the issue of [the Appellees] not being prejudiced with regard to [a] laches defense," to which Judge Catliota responded, "You can amend as you feel appropriate." (*Id*. at 8). Counsel further inquired as to whether the court's "ruling on the statute of limitations also covers laches[.]" (*Id*. at 9). The court answered, "It is basically saying that at this point the complaint needs to be bolstered, [and the ruling is] without prejudice to whatever arguments the parties want to make on [the] statute of limitations, either way." (*Id*.).

The trustee filed his first amended complaint on May 2, 2011, asserting three counts, including two claims for turnover. Despite the court's instructions at the prior hearing, the amended complaint contained no facts related to when the trustee discovered the basis of his turnover claims. Instead, it added numerous allegations, based "[u]pon information and belief," that no prejudice inured to Appellees as a result of a delay in filing. (ECF No. 1-2 ¶¶ 166-68).

---

at the time later than its initial perpetration." (Internal citations omitted).

Appellees again moved to dismiss, observing that the trustee had "ignored the Court's explicit instructions to include specific factual allegations showing why the discovery rule should apply." (ECF No. 1-4, at 2). Appellees recognized that the addition of allegations regarding prejudice was intended to counter a laches defense, but argued that "the degree of prejudice . . . [was] irrelevant" because "[t]he Trustee ha[d] already acknowledged that Maryland's general three-year statute of limitations would govern" and, under Maryland law, where "the delay extends beyond the applicable or analogous period of limitation, no showing of prejudice is required." (*Id.* at 13 (internal emphasis omitted)).

In opposing the motion, the trustee conceded that "there was at least inquiry notice of the relevant facts more than three years before this suit was filed"; thus, he decided "to drop the claim that the complaint was filed within the statute of limitations and (with one exception) to limit the amended complaint to equitable claims, as to which the expiration of the limitations period would not be decisive." (ECF No. 1-8, at 3). The trustee again asserted that the timeliness of a claim for turnover under § 542(a) is subject to the doctrine of laches, adding that "[t]he laches issue is governed by federal law," pursuant to which "the prejudice to the defendant is an essential element . . . even though this proceeding was

commenced after the most closely analogous limitations period had expired." (*Id*. at 5). Further asserting that the amended complaint "adequately alleged that any delay in filing the claims here w[ould] not unfairly prejudice [Appellees]," the trustee argued that any "attempt to litigate the issue of prejudice on the facts in a motion to dismiss is inappropriate." (*Id*. at 12).

Shortly before a scheduled hearing on Appellees' motion to dismiss the amended complaint, the bankruptcy court rendered a decision in another adversary proceeding stemming from Debtor's main bankruptcy case, *In re Minh Vu Hoang*, 452 B.R. 902, 906 (Bankr.D.Md. 2011) ("*Dahan I*"), in which it held that "§ 542 provides for the turnover of pre-petition transfers, while § 549 is the appropriate means to attack post-petition transfers." During the opening argument of counsel for Appellees at the motions hearing in the instant case, the court advised counsel of its decision in *Dahan I*:

> I take it you are not familiar with the
> memorandum I issued in an adversary
> proceeding before me brought by this same
> Plaintiff, the Chapter 7 Trustee for Minh Vu
> Hoang and Thanh Hoang, in adversary 11-87
> about 10 days ago?
>
> I adopted the rule that -- I adopted
> the position [of *Deckelbaum v. Cooter,
> Mangold, Tompert & Chapman, P.L.L.C.*, 275
> B.R. 737 (D.Md. 2001), that] Section 542
> cannot be used by the Trustee to recover

> post-petition transfers. That is the
> exclusive province of Section 549.
>
> . . . .
>
> I guess I could probably cut this up
> and tell you that I am going to adopt that
> position.
>
> . . . .
>
> I think –- I have the sense, from a
> status conference, that the [trustee] in the
> Dahan case that I mentioned is going to
> appeal that. So, maybe we will get an
> ultimate resolution but I am going to adopt
> that here. So, I will be dismissing the
> [two §] 542 counts.

(ECF No. 1-44, at 6-7). Counsel for the trustee conceded that

"the facts here are within the scope of [the *Dahan I*] ruling"

and asserted that he was "not going to try to distinguish the

facts." (*Id.* at 7). He asked the court to rule on "the issues

that have been raised relating to [laches] and the statute of

limitations . . . [to] tee those issues for the appeal also"

(*id.* at 12), but the court declined, reasoning, "I do not see

how I could say that [the trustee] failed to state a claim under

the law but if [he] did, here is what I would rule on the

statute of limitations or [laches]" (*id.* at 13).

Appellant noted the instant appeal on February 2, 2012. On

the same date that his opening brief was due, this court

rendered its decision in the appeal from *Dahan I*. *See In re

Minh Vu Hoang*, 469 B.R. 606 (D.Md. 2012) ("*Dahan II*"). In *Dahan*

*II*, 469 B.R. at 615, the court found that the property at issue in that case could not be recovered pursuant to the turnover provision based on three underlying premises: "(1) § 542(a) entitles the trustee to possession of property of the estate; (2) property that is transferred is not property of the estate; and (3) the property at issue in this case was transferred." It stopped short of endorsing the broad concept embraced by some courts that an action for turnover under § 542(a) is confined to property of the estate in possession of the defendant at the time the bankruptcy petition is filed. Rather, the court opined, "property of the estate may be received by a defendant (most often the debtor), post-petition, without a transfer having occurred," in which case "the property, or its value, is subject to a turnover order to the extent that the debtor had an interest at the time the bankruptcy case commenced." *Dahan II*, 469 B.R. at 620 (citing *In re Shearin*, 224 F.3d 353, 356-57 (4th Cir. 2000)).

In the instant case, the trustee requested, and was granted, additional time to consider the implications of *Dahan II* prior to filing his opening brief. On April 9, 2012, he filed a brief, presenting the following question:

> This Court held in [*Dahan II*] that § 542(a) applies in cases where the defendant received property of the estate postpetition, but only if he received it other than by means of a "transfer" as

9

> defined in the Bankruptcy Code. The
> complaint here alleges that the defendants
> received property of Minh Vu Hoang's estate
> postpetition, and the Chapter 7 trustee in
> her bankruptcy has sued the defendants under
> § 542(a) to recover the value of the
> property they received.
>
> The question therefore presented under
> *Dahan* [*II*] is whether the defendants
> received the property at issues as the
> result of a transfer.

(ECF No. 5, at 7). The entirety of the opening brief was
addressed to that question, with the trustee arguing, in
essence, that because the property at issue never left the
estate prior to the time Appellees possessed it, a turnover
claim under § 542(a) was viable.

Appellees' brief in opposition was not so limited. Rather
than responding to the question presented by the trustee,
Appellees presented their own question: "Whether the Bankruptcy
Court properly dismissed Trustee's § 542 claims where the claims
were based on post-petition transfers, made prior to the
appointment of the Trustee, and were filed after the expiration
of the applicable statute of limitations." (ECF No. 6, at 2).
After briefly addressing the trustee's argument under *Dahan II*,
Appellees argued at considerable length that the trustee's
turnover claims were time-barred. Specifically, they contended
(1) that the turnover claims were governed by the two-year
statute of limitations contained in § 549(d); (2) that, if the

doctrine of laches was applicable, the claims were still barred by Maryland's three-year general statute of limitations without a showing of prejudice; and (3) that, even if a showing of both inexcusable delay and prejudice were required, the allegations contained in the amended complaint were insufficient to survive a motion to dismiss.

By a memorandum opinion and order issued March 15, 2013, the court reversed the ruling of the bankruptcy court, finding that because the funds sought by the trustee constituted property of the bankruptcy estate, "the amended complaint sufficiently state[d] a claim for turnover." *See In re Minh Vu Hoang*, Civ. No. DKC 12-0593, 2013 WL 1105021, at *9 (D.Md. Mar. 15, 2013). The court also addressed Appellees' argument that the turnover claims were time-barred:

> While the limitations period in [§ 549(d)] effectively bars a turnover claim where a post-petition transfer has occurred – *i.e.*, because the transfer cannot be avoided, thus the property cannot be drawn back into the estate such that the trustee would have a right of possession – the property at issue here, as noted, was property of the estate. It is likely true that turnover claims, which are equitable in nature, are subject to the doctrine of laches. *See In re Mushroom Transp. Co.*, 382 F.3d 325, 336-37 (3rd Cir. 2004) (finding turnover claim subject to laches, requiring a showing of inexcusable delay in bringing the action and prejudice resulting therefrom). To the extent that Appellees have raised such a defense, its merit does not appear on the face of the complaint. As the United States

District Court for the Middle District of North Carolina observed in *Fulmore v. City of Greensboro*, 834 F.Supp.2d 396, 421 (M.D.N.C. 2011):

> Laches is an affirmative defense . . . and "a motion to dismiss filed under [Rule 12(b)(6)], which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *cf. Fed. Express Corp. v. U.S. Postal Serv.*, 75 F.Supp.2d 807, 814 (W.D.Tenn. 1999) ("As evaluation of a claim of laches is dependent upon the submission of evidence, [Rule 12(b)(6)] is not the proper vehicle for bringing such a request."). An affirmative defense may only be reached at the Rule 12(b)(6) stage "if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (alteration in original) (emphasis omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

While expiration of the § 549(d) limitations period may prove to be relevant to a laches analysis, it is not dispositive. *See In re Mushroom Transp. Co.*, 382 F.3d at 336-37. Rather, it merely creates a presumption of inexcusable delay that Appellant must eventually rebut, but the defense "is not ordinarily considered on a motion to dismiss because the plaintiff is not required to negate it in its complaint." *Bethesda Softworks, LLC v. Interplay Entertainment Corp.*, Civ. No. DKC 09-2357, 2010 WL 3781660, at *9 (D.Md. Sept. 23, 2010). Thus, while the turnover claims may eventually be found to be time-barred, that

>determination cannot be made in the context
>of a motion to dismiss.

*Id.* at *10.

Two weeks later, Appellees filed the pending motion for rehearing. (ECF No. 12). Appellant has opposed that motion (ECF No. 15) and Appellees have filed a reply (ECF No. 16).

## II. Standard of Review

The United States District Court for the District of South Carolina identified the appropriate standard in considering a motion for rehearing in *Baumhaft v. McGuffin*, C/A No. 4:06-CV-3617-RBH, 2007 WL 3119611, at *1 (D.S.C. Oct. 22, 2007):

>Fed. R. Bankr.P. 8015 provides that "a motion for rehearing may be filed within 1[4] days after entry of the judgment of the district court . . . ." "The purpose of Rule 8015 is to provide recourse to a party . . . after a district court . . . has overlooked or misapprehended some point of law or fact." 10 Collier on Bankr.P. 8015.01 (15th ed. rev. 2004). Although Rule 8015 does not specify the standard for ruling on a petition for rehearing, it appears that most courts have looked by analogy to Fed. R. App. P. 40. See 9 Collier on Bankr.P. 8015.04 at 8015-4 (collecting cases). Appellate Rule 40 provides that petitions for rehearing must include points which the court allegedly overlooked or misapprehended. Petitions for rehearing should not simply reargue the plaintiff's case or assert new grounds. *See Sierra Club v. Hodel*, 848 F.2d 1068, 1100-01 (10th Cir. 1988).

At base, motions for rehearing are "designed to ensure that the appellate court properly considered all relevant information in

rendering its decision." *In re Zegeye*, Civ. No. DKC 04-1387, 2005 WL 544763, at *1 (D.Md. Mar. 4, 2005) (citing *In re Hessco Industries, Inc*., 295 B.R. 372, 375 (9th Cir. BAP 2003)).

## III. Analysis

In their motion for rehearing, Appellees argue that the court overlooked the "unique circumstances present in the case at bar which enabled the Bankruptcy Court to properly grant Defendants' Motion to Dismiss Trustee's turnover counts." (ECF No. 12-1, at 3).[3] While they acknowledge that it is generally true that a laches defense cannot be adjudicated on a motion to dismiss because the plaintiff cannot be expected to rebut affirmative defenses in the complaint, they assert that an exception applies "in the unusual case where a claim is filed *clearly* beyond the applicable limitations period and the plaintiff seeks to forestall its dismissal by alleging the facts of discovery." (*Id*. at 3 (quoting *Goodman*, 494 F.3d at 466 (emphasis in original))).

---

[3] The trustee argues that Appellees' motion "does not satisfy the standards for rehearing," insofar as it "merely repeats – in many places verbatim – the arguments in the [Appellees'] brief." (ECF No. 15, at 2). As noted, however, a motion for rehearing provides recourse to a party where the court has overlooked some aspect of the argument presented in the appellate briefs. Thus, the relevant question is not whether the moving party raised the same argument on appeal, but whether the motion relates to "points which the court allegedly overlooked or misapprehended." *Baumhaft*, 2007 WL 3119611, at *1. Because Appellees' motion does relate to points the court allegedly overlooked, the trustee's argument that it is procedurally improper is unpersuasive.

According to Appellees, that is "precisely the situation here" (*id.*) because Judge Catliota dismissed the original complaint, on limitations grounds, without prejudice to the trustee's right to file an amended complaint bolstering his allegations regarding application of the discovery rule. Thus, the trustee was well aware that he was required to rebut a limitations or laches defense in his amended complaint. Rather than doing so, however, he essentially conceded that the turnover claims were untimely under the most closely analogous statute of limitation, Maryland's general three-year statute of limitations applying to the tort of conversion. Appellees observe that, under Maryland law, "where suit is filed outside the analogous limitations period, laches bars the suit without any showing of prejudice." (*Id.* at 8). Because it is undisputed that the basis of the turnover claim was not filed within three years after discovery, they contend that dismissal was warranted.

Appellees further assert that "federal law is in accord with Maryland law on this issue." (*Id.*). They cite the decision of the Supreme Court of the United States in *Cope v. Anderson*, 331 U.S. 461, 464 (1947), for the proposition that "equitable claims are subject to state statute[s] of limitations, without any showing of prejudice, where the limitations period for concurrent legal claims has expired."

(ECF No. 12-1, at 8). According to Appellees, the concurrent legal claim here was actually pleaded by the trustee in the original complaint and sought to recover the same funds as the turnover count currently at issue. Thus, in Appellees' view, the trustee's concession that the limitations period applying to the conversion count had expired essentially doomed the turnover counts as well, "regardless of whether [Appellees] were prejudiced by the [the trustee's] delay in filing suit[.]" (*Id.* at 10). Moreover, even if the court were to find that both factors in the traditional laches analysis – inexcusable delay and prejudice – must be proven, Appellees contend that the trustee's "failure to rebut the presumption of inexcusable delay, by itself requires affirmance of the dismissal of [his] turnover claims." (*Id.* at 11). Finally, they argue that the allegations in the complaint as to prejudice, made upon the trustee's "information and belief," are insufficient to rebut the presumption of prejudice.[4]

In opposing Appellees' motion, the trustee maintains that, under the doctrine of laches, "the expiration of the [analogous] limitations period does not operate as a rigid bar, but merely

---

[4] Appellees also contend that the trustee's allegations as to prejudice are incorrect – *i.e.*, that they have been prejudiced by the delay in filing. As the trustee points out in his opposition papers, however, this argument necessarily relates to issues outside the four corners of the amended complaint; thus, it could not be decided on a motion to dismiss.

raises a presumption of laches, which may be rebutted." (*Id.* at 2). He further argues that "the laches defense here is governed by federal law" and that the concurrent legal remedy doctrine cited by Appellees "applies only where the legal remedy arises under federal law." (*Id.* at 4-5). Thus, "[a] claim for conversion under state law does not qualify" (*id.* at 5), and the traditional two-pronged laches analysis applies. According to the trustee, because Appelles must establish both prongs, only one need be rebutted in order for the defense to fail and the allegations in the amended complaint that no prejudice inured to Appellees were sufficient to survive a motion to dismiss.

Resolution of the instant motion turns on whether a laches defense can be determined on the basis of inexcusable delay alone. If so, Appellees' argument has merit because the trustee has conceded that the adversary proceeding was commenced over three years after discovery of the facts supporting the turnover claims. If not – *i.e.*, if prejudice to Appellees must also be considered – then the issue cannot be decided in the context of a motion to dismiss because an expanded record would be necessary, which was the ruling on appeal. Thus, the analysis will be confined to Appellees' arguments that, under the circumstances of this case, no prejudice need be shown.

The trustee seeks turnover pursuant to § 542(a), a federal statute that does not contain a statute of limitations. The

accrual of a cause of action based on a federal statute, "even one that borrows a state statute of limitations, is a question of federal law." *East West, LLC v. Rahman*, 896 F.Supp.2d 488, 504 (E.D.Va. 2012) (citing *Synergistic Int'l, L.L.C. v. Korman*, Civ. No. 2:05cv49, 2007 WL 517677, at *9 (E.D.Va. 2007)).

"Because turnover claims are equitable in nature, they are subject to laches." *In re Mushroom Transp. Co., Inc.*, 382 F.3d 325, 337 (3d Cir. 2004) (internal citations omitted); *see also Walker v. Weese*, 286 B.R. 294, 299 (D.Md. 2002). "Laches imposes on the defendant the ultimate burden of proving '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990) (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)). A defendant demonstrates lack of diligence "either by proof that the action was not commenced within the period provided by the applicable statute of limitations or by facts otherwise indicating a lack of diligence." *White*, 909 F.2d at 102. The prejudice element may be shown by proof of "a disadvantage on the part of the defendant in asserting or establishing a claimed right or some other harm caused by detrimental reliance on the plaintiff's conduct." *Id*. Where, as here, unreasonable delay is established, there is a strong presumption of laches. *See PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 121 (4th

Cir. 2011). Nevertheless, "the defendant is ultimately required to prove prejudice (given the defendant's burden to plead and prove laches under Fed.R.Civ.P. 8(c)) and may either rest on the inference alone or introduce additional evidence." *White*, 909 F.2d at 102.

The concurrent remedy doctrine invoked by Appellees has apparently never been addressed by the Fourth Circuit or any district court therein. The basic principle, as stated by other courts, is that "where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy." *Gilbert v. City of Cambridge*, 932 F.2d 51, 57 (1st Cir. 1991)); *see also United Transp. Union v. Florida East Coast Ry. Co.*, 586 F.2d 520, 524 (5th Cir. 1978) ("This Court is of the opinion that both legal and equitable relief is sought and that, therefore, the statute of limitations bars both."). Remedies are concurrent when "an action at law or equity could be brought on the same facts." *National Parks and Conservation Ass'n v. Tennessee Valley Authority*, 502 F.3d 1316, 1327 (11th Cir. 2007) (quoting *United States v. Telluride Co.*, 146 F.3d 1241, 1248 n. 12 (10th Cir. 1998)).

Here, it appears that a claim for conversion could not even be viable, insofar as the *res* at issue is money. *See John B. Parsons Home, LLC v. John B. Parsons Foundation*, --- Md.App. ---

, ----, 2014 WL 852062, at *9 (2014) ("The general rule is that monies are intangible and, therefore, not subject to a claim for conversion."); *see also Allied Inv. Corp. v. Jasen*, 354 Md. 547, 560 (1999) (finding no concurrent remedies where "the well-pleaded facts of petitioners' complaint could not state a claim for conversion in any event."). In any event, the elements of conversion and turnover are distinct – *i.e.*, conversion consists of "a physical act combined with a certain state of mind," *John B. Parsons Home*, 2014 WL 852062, at * 9, while turnover requires only possession – thus, they could not be concurrent legal remedies.

Appellees' alternative argument that "an equitable claim must be dismissed unless both presumptions [*i.e.*, inexcusable delay and prejudice] are rebutted" (ECF No. 12-1, at 11 (internal emphasis removed)), relies solely on the decision of the United States Court of Appeals for the Third Circuit in *Satana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 139-40 (3d Cir. 2005). In that case, the court found that, once it was established that the applicable statute of limitations had expired, it was incumbent upon the plaintiff to prove that "its delay was excusable *and* that it did not prejudice [the defendant]." *Id*. at 139 (emphasis in original). Tellingly, *Santana* was decided in district court in the context of a summary judgment motion, not a motion to dismiss.

Moreover, the rule set forth in that case does not appear to have been adopted by the Fourth Circuit, which continues to place the burden on the defendant "to plead and prove laches under Fed.R.Civ.P. 8(c)[.]" *White*, 909 F.2d at 102.

In sum, the traditional two-pronged laches analysis is applicable, as the court determined in the decision on appeal. Because the merit of the laches defense cannot be conclusively determined based on the face of the amended complaint, the issue cannot be decided on a motion to dismiss.

## III. Conclusion

For the foregoing reasons, Appellees' motion for rehearing will be denied. A separate order will follow.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge